**SO ORDERED.**

**SIGNED this 25 day of February, 2010.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DOUGLAS McVEY, | ) | Case No. 08-12301 |
| | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| DOUGLAS McVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 08-5283 |
| | ) | |
| UNITED STATE OF AMERICA | ) | |
| through the DEPARTMENT OF | ) | |
| TREASURY, INTERNAL REVENUE SERVICE, | ) | |
| JACK WEIR, JR., and PHYLLIS COPELAND, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CORRECTION TO ORDER GRANTING SUMMARY JUDGMENT**

**DATED FEBRUARY 23, 2010**

Please substitute the attached Exhibit "A" for page 13 in the original opinion in the above captioned case.

# # #

PAI's controller, and Jack Weir, McVey's "partner" in the enterprise. The Court questions its jurisdiction over either of these defendants to declare that they are responsible persons. The record does not reveal that the IRS assessed a § 6672 penalty against them or that their liability as responsible persons has been previously adjudicated. McVey has no standing to assess the penalty against other putative responsible persons; that right belongs to the IRS. The IRS has not sought that relief in this proceeding. As the Court noted above, there can be more than one responsible person of an employer and the fact that Copeland and Weir could be held to be responsible persons in no way affects McVey's liability as a responsible person as found herein.[28] On this record, the Court has no jurisdiction to adjudicate Copeland and Weir's responsible person liability and McVey's adversary complaint against Copeland and Weir should be dismissed.

Conclusion

McVey is liable under § 6672 as a responsible person who acted willfully in failing to pay over PAI's payroll taxes. The IRS's motion for summary judgment on McVey's adversary complaint is GRANTED. The IRS's priority tax claim 6-2 for unpaid priority payroll taxes is allowed in the amount of $73,678.96 and judgment should be entered against McVey as a responsible person. This priority tax debt is a nondischargeable debt under 11 U.S.C. § 1328(a)(2).

The IRS and trustee's objections to confirmation of McVey's chapter 13 plan are SUSTAINED and confirmation of debtor's plan is DENIED because the debtor's plan fails to provide for payment in full of the priority payroll taxes assessed under § 6672 as required by 11 U.S.C. § 1322(a)(2). Finally, with the allowance of the IRS's trust fund penalty claim against McVey, his unsecured noncontingent, liquidated debts exceed the debt limit of $336,900 set forth

---

[28] See note 16, *supra*.

**SO ORDERED.**

**SIGNED this 23 day of February, 2010.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DOUGLAS McVEY, | ) | Case No. 08-12301 |
| | ) | Chapter 13 |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| DOUGLAS McVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary No. 08-5283 |
| | ) | |
| UNITED STATE OF AMERICA | ) | |
| through the DEPARTMENT OF | ) | |
| TREASURY, INTERNAL REVENUE SERVICE, | ) | |
| JACK WEIR, JR., and PHYLLIS COPELAND, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING SUMMARY JUDGMENT**

-1-

The United States of America, on behalf of the Internal Revenue Service ("IRS") moves for summary judgment on the debtor Douglas McVey's ("McVey") adversary complaint that seeks a determination that he is not a "responsible person" liable to the IRS for unpaid payroll taxes owed by a business in which McVey was formerly involved and that the tax obligation is dischargeable.[1] In addition to the IRS's claim for unpaid taxes, the IRS and trustee object to confirmation of McVey's chapter 13 plan.[2] Finally, the trustee seeks dismissal of the case because the debtor's noncontingent liquidated unsecured debt exceeds the statutory limit if McVey is found liable for the payroll taxes as a "responsible person."[3] McVey did not file a memorandum in opposition to the IRS's motion. The Court took the matter under advisement and having reviewed the IRS's statement of uncontroverted facts and controlling law, concludes that the IRS is entitled to judgment as a matter of law, that the plan cannot be confirmed, and that the case should be dismissed.[4]

Jurisdiction

McVey's adversary complaint disputes the IRS's claim for unpaid payroll taxes and the dischargeability of that debt. The trustee and the IRS object to confirmation of the debtor's plan. These are core proceedings over which this Court has subject matter jurisdiction.[5]

Summary Judgment Standards

---

[1] Adv. Dkt. 32, 33, and 35.

[2] Dkt. 36, 43, and 45.

[3] Dkt. 41.

[4] The debtor is represented in this adversary by Calvin Wiebe. The IRS appeared by Stephanie M. Page, trial attorney in the Tax Division of the United States Department of Justice, Washington D.C. and by Robin Moore, assistant U.S. Attorney, Wichita, Kansas. The chapter 13 trustee Laurie B. Williams appeared by Christopher Micale.

[5] 28 U.S.C. §§ 157(b)(2)(A),(B), (I), (L) and (O) and 1334.

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. In articulating the standard of review for summary judgment motions, Rule 56 provides that judgment shall be rendered if the pleadings, discovery, disclosures and affidavits on file show that there are no genuine issues of any material fact and the moving party is entitled to judgment as a matter of law.[6] The debtor did not file a response to the summary judgment motion and therefore did not controvert the IRS's statement of uncontroverted facts. The ramification of debtor's silence is that the IRS's statements of fact are deemed admitted, if properly supported with citation to the record.[7] This Court must nonetheless determine whether those admitted facts entitle the IRS to judgment as a matter of law.[8] If different ultimate inferences may properly be drawn from the undisputed facts, summary judgment is not appropriate.[9]

Uncontroverted Facts

---

[6] Fed. R. Civ. P. 56(c).

[7] D. Kan. LBR 7056.1(a); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (By failing to file a timely response, the nonmoving party waives the right to respond or to controvert the facts asserted by the movant.).

[8] *See* Fed. R. Civ. P. 56(e)(2) (Where the opposing party fails to respond to the movant's motion, summary judgment should, *if appropriate*, be entered against the opposing party.); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (The non-moving party's failure to file a response is not, by itself, a sufficient basis to grant summary judgment; only if the facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.); *E.E.O.C. v. Lady Baltimore Foods, Inc.,* 643 F. Supp. 406, 407 (D. Kan. 1986) (Even if there are no genuine issues of material fact, the movant still has the burden to show it is entitled to judgment as a matter of law.); *United States v. Dawes,* 344 F. Supp. 2d 715, 718 (D. Kan. 2004) (It is improper to grant summary judgment simply because it is unopposed, *citing E.E.O.C. v. Lady Baltimore Foods, Inc., supra).*

[9] *Security Nat. Bank v. Belleville Livestock Commission Co.,* 619 F.2d 840, 847 (10th Cir. 1979).

-3-

Case 08-05283    Doc# 41    Filed 02/25/10    Page 6 of 17

The Court, having reviewed the record support to the IRS's statements of uncontroverted fact, accepts each of those statements as true and uncontroverted. Rather than repeat each of those facts verbatim herein, the Court incorporates them by reference in this opinion and summarizes the salient facts. In addition, the Court finds as uncontroverted those facts established by the docket and pleadings on file in the debtor's bankruptcy case.

A.  Procedural Background

McVey filed his voluntary chapter 13 petition on September 10, 2008. He filed his chapter 13 plan on November 5, 2008 and proposes a plan payment of $250 for 53 months. In his plan McVey estimates that he owes income taxes of $10,000 for the year 2004 to the IRS; he contests the IRS's assessment for payroll tax obligations in the amount of $74,857 as a responsible person of Practice Automations, Inc. ("PAI").[10] To that end, McVey commenced this adversary proceeding on November 12, 2008. McVey has no secured debt. Schedule F shows unsecured debt of $307,666, a portion of which is described as PAI business debt. Of this unsecured debt, some $264,395.16 is noncontingent and liquidated.

The IRS filed its amended claim 6-2 on September 29, 2009, asserting an unsecured claim of $9,086.96 for 2004 income taxes and a priority claim under § 507(a)(8) of $73,678.96 for the PAI payroll taxes for the fourth quarter of 2005 and the first quarter of 2006. The IRS assessed a penalty against McVey on July 7, 2008 for the employment taxes pursuant to § 6672 of the Internal Revenue Code.[11]

---

[10] No. 08-12301, Dkt. 21 (Plan), Dkt. 22 (Statement of Financial Affairs, Question 3; Schedule E).

[11] 26 U.S.C. § 6672(a) (authorizing the assessment of a penalty equal to the amount of the unpaid taxes against "[a]ny person required to collect, truthfully account for, and pay over

-4-

The IRS objects to confirmation of McVey's plan, contending that the plan fails to pay its priority tax claim in full as required by § 1322(a)(2).[12] The chapter 13 trustee filed a motion to dismiss contending that the debtor was ineligible for chapter 13 relief because his unsecured debt exceeds the debt limits if the payroll tax liability to the IRS is reclassified from contingent debt as scheduled.[13] The trustee also filed an objection to confirmation and asserted, *inter alia*, that the plan was not feasible to pay the IRS's claim.[14] Because the confirmation issues and dismissal motion turn on the outcome of the adversary proceeding, the Court directed that those matters track with the adversary proceeding. If McVey is denied relief in the adversary proceeding, his plan cannot be confirmed and the case must be dismissed.

B. PAI

PAI was engaged in a medical office software business that provided electronic medical billing services and records to medical offices from late 2003 to February of 2006, when it ceased operations. McVey and Jack Weir ("Weir") founded PAI in November 2003. McVey was the incorporator, registered agent and president of PAI. When organized, McVey's responsibilities were to fund the business and manage the financial side of PAI and Weir would manage the sales, installation, support, and training aspects of the business. McVey in fact funded all of PAI's start-up and ultimately contributed approximately $330,000 from his retirement funds to the enterprise. Weir made no financial contributions to PAI. Through McVey, PAI obtained a $60,000 letter of credit

---

any tax imposed by this title"). *See* Gov't Ex. 21 and 22.

[12] No. 08-12301, Dkt. 36. The IRS's amended objection to confirmation also asserted that the tax obligations were not dischargeable under § 1328(a)(2). Dkt. 45.

[13] No. 08-12301, Dkt. 41.

[14] No. 08-12301, Dkt. 43.

from First Arkansas Bank; McVey guaranteed the letter of credit. PAI's office was located in Cabot, Arkansas in an office building purchased by McVey. PAI had 14 employees at its largest point. From the outset, PAI suffered cash flow difficulties and McVey described the procedure to determine which PAI creditors to pay as "rob[bing] Peter to pay Paul."

    C.    Debtor as "Responsible Person" of PAI

McVey worked full time in the PAI business. He executed contracts on behalf of PAI. McVey signed PAI's employment tax returns and had signatory authority on PAI's checking account. McVey had access to the company checkbook and did sign checks during PAI's existence. He participated in interviewing and hiring Phyllis Copeland ("Copeland") as controller of PAI, as well as hiring other employees. It was at McVey's direction that Copeland was taken off PAI's bank account in February of 2006. The employees considered McVey to be an owner of PAI and their boss.

McVey acknowledged the duty to timely report and pay employee withholding taxes to the government. Copeland advised McVey that a responsible person could be liable for PAI's payroll taxes if PAI did not remit the taxes to the IRS. Although McVey contends he first became aware of the unpaid payroll taxes when Copeland advised him that PAI was behind in August of 2005, Ms. Copeland testified in her deposition that she prepared a spreadsheet showing unpaid debts, including the payroll taxes, and provided the spreadsheet to McVey in weekly meetings as early as 2004. Copeland also provided a schedule of liabilities to McVey when he attempted to obtain financing for PAI in December of 2005; the schedule included the unpaid payroll taxes. As McVey tried to manage PAI's cash flow problems, he directed Copeland to pay certain creditors and the minimum amounts necessary to keep PAI afloat, all while knowing that the tax liability was mounting. PAI

continued in business for at least six months after McVey's knowledge of the unpaid tax liability, all the while meeting payroll and paying other creditors. After learning of the unpaid payroll taxes, McVey stated that he did nothing to ensure that the tax liability got paid because he had no resources to pay them. In short, McVey knew that PAI owed payroll taxes to the government, that it had an obligation to remit those payroll taxes to the government, that PAI was delinquent on its payroll tax obligation, and that he directed payment of other PAI obligations and vendors (copier supplier, utilities, rent and payroll) instead of the payroll taxes.

Analysis

Employers are required to withhold federal social security and income taxes from their employees' wages and pay such withholding taxes over to the IRS. These withholding taxes are also referred to as payroll taxes or trust fund taxes. An officer or employee of a corporate employer may be subject to a penalty under § 6672 of the Internal Revenue Code if he or she is under a duty to collect, truthfully account for, and pay over any such tax (*i.e.* a "responsible person") and willfully fails to do so.[15] This § 6672 penalty is also referred to as a trust fund recovery penalty. In this adversary proceeding, McVey contends he is not a "responsible person" of PAI and that instead, Weir and Copeland should be assessed the § 6672 penalty.[16]

---

[15] *See Finley v. United States,* 82 F.3d 966, 970 (10th Cir. 1996); *Taylor v. Internal Revenue Service*, 69 F.3d 411, 413 (10th Cir. 1995).

[16] The Court notes that there may be more than one responsible person and even if Weir and Copeland were assessed the responsible person penalty, it does not exonerate McVey as a responsible person. *See Taylor v. Internal Revenue Service, supra* at 416 (Responsible person liability extends to all responsible corporate officers or employees, not just to the single most responsible individual); *Fitzgerald v. United States,* 407 F.Supp. 1132 (E.D. Ky. 1976) (fact that comptroller of company might be responsible for unpaid withholding taxes did not relieve company president of liability); *Hartman v. United States,* 538 F.2d 1336 (8th Cir. 1976) (joint and several liability of responsible persons).

-7-

A.   Burden of Proof

The IRS filed a proof of claim. A claim is deemed allowed unless a party in interest objects.[17] Because a claim is deemed allowed under § 502, a rebuttable presumption of the claim's validity arises upon filing.[18] The objecting party has the burden to go forward with evidence to meet the presumption. If the objecting party produces facts sufficient to demonstrate that an actual dispute regarding the claim's validity or amount exists, the burden of proof shifts to the claimant to prove in what amount its claim should be allowed.[19]

Here, the IRS filed a proof of claim for the trust fund penalty assessment against McVey as a responsible person for the payroll taxes. It supported that claim in its summary judgment papers with a certified transcript evidencing the assessment of the penalty that is entitled to presumptive validity.[20] McVey does not contest the amount of the assessed penalty, but disputes that he is a "responsible person" liable for PAI's unpaid payroll taxes.[21] As the alleged responsible person,

---

[17]   § 502(a).

[18]   Fed. R. Bankr. P. 3001(f).

[19]   *See In re Broadband Wireless Intern. Corp.,* 295 B.R. 140, 145 (10th Cir. BAP 2003) (The objecting party's evidence must be of probative force equal to that of the allegations contained in the proof of claim; however, an objection raising only legal issues is sufficient.); *In re Geneva Steel Co.,* 260 B.R. 517, 524 (10th Cir. BAP 2001), *aff'd* 281 F.3d 1173 (10th Cir. 2002) (same); *In re Harrison,* 987 F.2d 677, 680 (10th Cir. 1993) (If objection is made to the claim, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.)

[20]   Gov't Ex. 21 and 22. *See United States v. Sage,* 412 F.Supp. 2d 406 (S.D.N.Y. 2006) (presumption of correctness afforded certificate of assessment for employee withholding taxes); *In re Pan*, 209 B.R. 152 (D. Mass. 1997) (government's tax penalty claim presumed valid where it provided copy of certificate of assessments).

[21]   McVey's adversary complaint does not allege that the IRS's assessment of the § 6672 penalty was defective for any reason, but alleges that he is not a responsible person for the PAI withholding taxes and that he did not act willfully in failing to pay them over to the IRS. Nor

-8-

McVey has the burden of meeting the presumption of validity that attaches to the IRS claim and showing by a preponderance of the evidence that he is not a responsible person or, if he is, that he did not act willfully.[22] McVey made no effort to produce any facts to controvert the IRS's well-supported statement of uncontroverted facts. The Court takes the IRS's facts as uncontroverted and must determine whether those facts establish that McVey is a responsible person and acted willfully in not paying the payroll taxes.

> B. The Uncontroverted Facts Demonstrate that McVey is a "Responsible Person" and Acted Willfully

>> 1. Responsible Person

The legal principles for determining whether a corporate officer is a responsible person were summarized and applied by the Tenth Circuit Court of Appeals in *Taylor v. Internal Revenue Service*:

> "[A] corporate officer or employee is responsible if he or she has significant, though not necessarily exclusive, authority in the 'general management and fiscal decision making of the corporation.' " Denbo, 988 F.2d at 1032 (quoting Kizzier v. United States, 598 F.2d 1128, 1132 (8th Cir.1979)). In this circuit, we have set forth a non-exclusive list of factors demonstrating "indicia of responsibility." Specifically, we examine whether the person: (1) held corporate office; (2) controlled financial affairs; (3) had authority to disburse corporate funds; (4) owned stock; and (5) had the ability to hire and fire employees. Id. If an individual possesses sufficient indicia of responsibility, he is a "responsible person" under § 6672 regardless whether he: (1) has the final say as to which creditors should be paid, Bowlen v. United States, 956 F.2d 723, 728 (7th Cir.1992); Gephart v. United States, 818 F.2d 469, 475 (6th Cir.1987); or (2) has the specific job within the corporate structure to see that the taxes are paid over to the government, see Denbo, 988 F.2d at 1032; McGlothin v. United States, 720 F.2d 6, 8 (6th Cir.1983) ("[I]t is not necessary that a [responsible]

---

has McVey come forward with any evidence demonstrating that the assessment was defective. The Court therefore concludes that the assessment of the penalty was proper.

[22] *Finley v. United States, supra* at 970-71, citing *Hochstein v. United States,* 900 F.2d 543, 546 (2d Cir. 1990); .

-9-

Case 08-05283   Doc# 41   Filed 02/25/10   Page 12 of 17

person be the one who prepared the tax returns, kept the books and records, paid the wages or withheld the taxes.").[23]

The uncontroverted facts demonstrate the presence of each of these indicia of responsibility. McVey was the president, incorporator, and registered agent of PAI. He controlled the financial affairs of PAI and disbursed PAI funds. McVey assumed the responsibility of managing the financial aspects of PAI when he co-founded PAI with Weir. McVey exhibited that control in determining which creditors to pay when PAI suffered cash shortages and directing the controller, Copeland, whom to pay. He had access to the bank account and was a signatory on that account. He in fact signed PAI checks. He arranged for an operating line of credit for PAI and guaranteed that loan. While there is no evidence that formal stock certificates were ever issued, it is undisputed that McVey was the sole contributor of capital to the venture and the PAI employees viewed him as the "owner." Finally, he was involved in hiring and firing PAI employees, including the company's controller.

In short, it is apparent from the facts that McVey possessed significant power and authority over PAI's fiscal affairs and largely managed those affairs. As summarized in *Taylor,* "the crucial inquiry is whether [McVey] had the 'effective power' to pay the taxes – that is, whether he had the actual authority or ability, in view of this status within the corporation, to pay the taxes owed."[24] McVey possessed the "effective power" to pay the taxes and is a "responsible person."

    2.    Willfulness

The Court next considers the second prong for liability under § 6672 – whether McVey acted

---

[23] 69 F.3d at 416.

[24] *Id.*

"willfully" in failing to pay over the payroll taxes to the government. The willfulness standard for liability under § 6672 was explained in *Denbo v. United States*[25] as follows:

> . . . a "voluntary, conscious and intentional decision to prefer other creditors over the Government." *Burden v. United States,* 486 F.2d 302, 304 (10th Cir. 1973), *cert. denied,* 416 U.S. 904, 94 S. Ct. 1608, 40 L. Ed. 2d 109 (1974). . . . Although negligence does not give rise to section 6672 liability, "'[t]he willfulness requirement is . . . met if the responsible officer shows a "reckless disregard of a known or obvious risk that trust funds may not be remitted to the government. . . ."'" *Smith v. United States*, 894 F.2d 1549, 1554 n. 5 (11th Cir. 1990) . . . A responsible person's failure to investigate or to correct mismanagement after being notified that withholding taxes have not been paid satisfies the section 6672 willfulness requirement. *Mazo v. United States,* 591 F.2d 1151, 1154 (5th Cir.), *cert. denied,* 444 U.S. 842, 100 S. Ct. 82, 62 L.Ed. 2d 54 (1979).[26]

The uncontroverted facts here establish that PAI had serious cash flow difficulties. McVey admitted that he knew no later than August of 2005 that the payroll tax deposits were not being made. When he obtained the operating line of credit for PAI in December of 2005, he disclosed the unpaid payroll taxes as a liability on his loan application. McVey understood the obligation to remit payroll taxes withheld from employees' pay to the government. PAI's controller further advised McVey of his potential personal liability for the unpaid taxes as a responsible person.

McVey effectively did nothing to remedy the situation. He claimed that he was unable to pay the taxes, but PAI's bank statement for December 2005 shows that some funds were available to make partial payment. Yet, during this period, McVey chose which critical creditors and vendors to pay in order to keep the business going and directed PAI's controller to pay them. McVey had discussed the cash-flow situation with Weir and/or Copeland on a weekly basis and knew of the unpaid trust fund obligation. Nevertheless, McVey consciously and intentionally directed Copeland

---

[25] 988 F.2d 1029 (10th Cir. 1993).

[26] *Id.* at 1033. *See also Finley v. United States,* 82 F.3d 966, 971 (10th Cir. 1996).

-11-

to pay other creditors in order to keep PAI afloat – all at the expense of the government. As McVey succinctly put it, he was "robbing Peter to pay Paul." Based upon the uncontroverted facts before it, the Court has no hesitancy in finding that McVey acted willfully in failing to pay over the withholding taxes to the government.

### C. The Confirmation Objections

Both the Trustee and the IRS object to the confirmation of McVey's chapter 13 plan.[27] They each note that the current plan fails to provide for the payment in full of the IRS's unsecured priority claim based on the § 6672 assessment of $73,678.96. They also observe that this claim is excepted from McVey's chapter 13 discharge. Finally, the Trustee notes that if the debtor is found to be liable for the § 6672 claim, his unsecured claims will exceed the § 109(e) eligibility limitation.

The plan provides for the payment of 53 monthly payments of $250 or $13,250, far short of the amount necessary to address the IRS's priority claim. Section 1322(a)(2) requires that the IRS claim be paid in full during the plan's term. As it does not, the plan cannot be confirmed. In addition, the priority tax debt allowed herein is a nondischargeable debt under 11 U.S.C. § 1328(a)(2).

Section 109(e) imposes an unsecured debt limit of $336,900 on debtors. With the determination that the debtor is liable for the § 6672 claim, McVey's unsecured claims increase from the scheduled amount of $264,395.16 to $338,074.12, in excess of the debt limit. Therefore, McVey is ineligible for chapter 13 relief and the case should be dismissed.

### D. Debtor's Demand that Copeland and Weir be Declared Responsible Persons

McVey included as parties defendant in this adversary proceeding both Phyllis Copeland,

---

[27] Dkt. 36, 43 and 45.

PAI's controller, and Douglas Weir, McVey's "partner" in the enterprise. The Court questions its jurisdiction over either of these defendants to declare that they are responsible persons. The record does not reveal that the IRS assessed a § 6672 penalty against them or that their liability as responsible persons has been previously adjudicated. McVey has no standing to assess the penalty against other putative responsible persons; that right belongs to the IRS. The IRS has not sought that relief in this proceeding. As the Court noted above, there can be more than one responsible person of an employer and the fact that Copeland and Weir could be held to be responsible persons in no way affects McVey's liability as a responsible person as found herein.[28] On this record, the Court has no jurisdiction to adjudicate Copeland and Weir's responsible person liability and McVey's adversary complaint against Copeland and Weir should be dismissed.

Conclusion

McVey is liable under § 6672 as a responsible person who acted willfully in failing to pay over PAI's payroll taxes. The IRS's motion for summary judgment on McVey's adversary complaint is GRANTED. The IRS's priority tax claim 6-2 for unpaid priority payroll taxes is allowed in the amount of $73,678.96 and judgment should be entered against McVey as a responsible person. This priority tax debt is a nondischargable debt under 11 U.S.C. § 1328(a)(2).

The IRS and trustee's objections to confirmation of McVey's chapter 13 plan are SUSTAINED and confirmation of debtor's plan is DENIED because the debtor's plan fails to provide for payment in full of the priority payroll taxes assessed under § 6672 as required by 11 U.S.C. § 1322(a)(2). Finally, with the allowance of the IRS's trust fund penalty claim against McVey, his unsecured noncontingent, liquidated debts exceed the debt limit of $336,900 set forth

---

[28] *See* note 16, *supra*.

-13-

in 11 U.S.C. § 109(e). He is therefore ineligible to be a debtor under chapter 13 and his case should be DISMISSED. Because this Court lacks jurisdiction to determine defendants Jack Weir's and Phyllis Copeland's liability as responsible persons, the adversary complaint against them is DISMISSED.

      A Judgment on Decision shall issue this same day.

# # #

-14-

Case 08-05283    Doc# 41    Filed 02/25/10    Page 17 of 17